IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

DEBORAH M. MONTGOMERY,    )
    )
        Plaintiff,    )
    )
vs.    )        Case No. 13-6124-CV-SJ-ODS
    )
CAROLYN W. COLVIN,    )
Acting Commissioner of Social Security, )
    )
        Defendant.   )

ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING
BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability benefits. The Commissioner's decision is reversed and the case is remanded for further proceedings.

The ALJ accorded no weight to Dr. Turner's opinion regarding Plaintiff's physical condition because "such limitations are not supported by his treatment notes, the objective findings, her own pain ratings, and her swimming three times a week." R. 18. The ALJ then gave one example of Plaintiff self-rating her pain as a three out of ten and doing well at an October 2011 visit with Dr. Baade. However, Plaintiff reported her pain at a higher level on several occasions. R.252, 298, 327, 367, 373, 379, 392 (reporting levels seven, five, ten, ten, eight, eight, five out of ten pain, respectively). Further, Plaintiff's treating rheumatologist, Dr. Bronson instructed Plaintiff to do water therapy exercises as part of her course of treatment. R. 372, 378, 383. The ALJ provided no discussion regarding this recommended treatment. Instead, the ALJ interpreted this activity as "swimming" and used it as reason to discount Dr. Turner's opinion. Although there may be reason for the ALJ to accord no weight to Dr. Turner's opinion, the reasons cited do not fully support her decision. On remand, the ALJ should reconsider the weight assigned to Dr. Turner's opinion regarding Plaintiff's physical limitations.

The ALJ found that Plaintiff's subjective complaints were not fully credible for a variety of reasons, including her daily activities of "swimming" three times per week. R.

17.  Again, Dr. Bronson instructed Plaintiff to try water-based aerobic exercises.  R. 372, 378, 383.  However, Plaintiff's compliance with this course of treatment should have bolstered her credibility.  *See McIlvene v. Astrue,* No. 10-3481-CV-S-DGK, 2011 WL 4374542, at *3 (W.D. Mo. 2011) (finding that non-compliance with rheumatologist order for water therapy hurts credibility).  Although the other reasons cited by the ALJ to discount Plaintiff's credibility may still proper, it is not for the Court to decide Plaintiff's credibility.  *See Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001) ("The ALJ is in the best position to determine the credibility of the testimony . . . .")  Accordingly, on remand, the ALJ should reassess Plaintiff's credibility.


IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: August 26, 2014              UNITED STATES DISTRICT COURT